Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1ˢᵗ Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 02-1577

GERALD BRYAN DUGGAN,

Plaintiff, Appellant,

v.

DEPARTMENT OF JUSTICE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Gerald Bryan Duggan on brief pro se.
    Michael J. Sullivan, United States Attorney, and Gina Y.
Walcott-Torres, Assistant U.S. Attorney, on brief for appellee.

December 31, 2002

**Per Curiam**.  After carefully considering the briefs and record on appeal, we affirm substantially for the reasons stated by the district court.

The appellant's main argument on appeal is that the government failed to show that it conducted a reasonable search in response to his February 28, 2000 request.  5 U.S.C. § 552(a).  He argues that the existence of field offices remained in dispute because the Joachim declaration merely paraphrased a supervisor's statement disclaiming field offices.  However, the government is not always required to produce affidavits on personal knowledge, but may rely upon the statements of responsible officials.  Maynard v. Central Intelligence Agency, 986 F.2d 547, 560 (1st Cir. 1993).

The appellant's attempts to show bad faith are also unavailing.  The government's showing that the search was reasonable was not undermined by the appellant's allegations of delay or conflation of February and March requests.  Neither allegation, even if true, would tend to show that the search was not reasonably calculated to discover the requested records.  See Church of Scientology Int'l v. United States Dep't of Justice, 30 F.3d 224 (1st Cir. 1994).

Finally, as to the discovery order, the appellant fails to make a clear showing of manifest injustice. His

-2-

assignment of error therefore fails.  See Maynard, 986 F.2d at 567.

Affirmed.  Loc. R. 27(c).